OVERTON, Justice.
We approved a mandatory continuing legal education program for the legal profession in The Florida Bar Re Amendment to Rules Regulating The Florida Bar (Continuing Legal Education), 510 So.2d 583 (Fla.1987). In that decision, we determined that the judiciary should be separated from the administration of the mandatory education requirements for the Bar, stating: “[A] separate mandatory judicial educational requirement should be established in the judicial administration rules for the Florida *259 judiciary, administered by the Florida Court Education Council, rather than through the proposed Integration Rule.” Id. at 585.
We now implement that determination by adopting Rule 2.150, Rules of Judicial Administration, which reads as follows:
Rule 2.150. Continuing Judicial Education
(a) Purpose and Effective Date. This rule sets forth the continuing education requirement for all judges in the state judicial system.
(b) Education Requirements.
(1) Applicability. All Florida county, circuit, and appellate judges and Florida supreme court justices shall comply with these judicial education requirements. Retired judges who have been approved by the supreme court to be assigned to temporary active duty as authorized by section 25.073, Florida Statutes (1985), shall also comply with the judicial education requirement.
(2) Minimum requirements. Each judge and justice shall complete a minimum of thirty (30) credit hours of approved judicial education programs every three (3) years. Two (2) hours must be in the area of judicial ethics. In addition to the thirty-hour requirement, every judge new to a level of trial court must complete the Florida Judicial College program in his or her first year of judicial service following selection to that level of court; every new appellate court judge or justice must, within two years following selection to that level of court, complete an approved appellate-judge program. Credit for teaching a course for which mandatory judicial education credit is available will be allowed on the basis of two and one-half (2.5) hours credit for each instructional hour taught, up to a maximum of five (5) hours per year.
(c) Course Approval. The Florida Court Education Council, in consultation with the judicial conferences, shall develop approved courses for each state court jurisdiction. Courses offered by other judicial and legal education entities must be approved by the Council before they may be submitted for credit.
(d) Waiver. The Florida Court Education Council is responsible for establishing a procedure for considering and acting upon waiver and extension requests on an individual basis.
(e) Reporting Requirements and Sanctions. The Florida Court Education Council shall establish a procedure for reporting annually to the chief justice on compliance with this rule. Each judge shall submit to the Legal Affairs and Education Division of the Office of the State Courts Administrator an annual report showing his or her attendance at approved courses. Failure to comply with the requirements of this rule will be reported to the chief justice of the Florida supreme court for such administrative action as deemed necessary. The chief justice may consider a judge or justice’s failure to comply as neglect of duty and report the matter to the Judicial Qualifications Commission.
The Florida Court Education Council recommended to this Court that the judiciary be required to complete forty-five credit hours every three years. The mandatory continuing legal education requirement for the practicing bar is thirty hours. The Court is of the view that, as we begin the mandatory education program for the legal profession, the number of hours required, at least initially, should be the same.
The Florida Court Education Council shall provide a comprehensive review of this mandatory continuing judicial educational program during the year 1991 and shall file its report with this Court no later than December 31,1991. This rule shall be effective January 1, 1988. A petition for rehearing will not alter the effective date of this rule.
It is so ordered.
MCDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.